Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200204-60682
DATE: July 30, 2021

REMANDED

Entitlement to payment or reimbursement of beneficiary travel expenses for VA special mode transportation on July 11, 2019 and September 22, 2019 is remanded.

REASONS FOR REMAND

The Veteran had active duty service from November 1970 to April 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from December 2019 letters of determination by a Department of Veterans Affairs (VA) Medical Center. At such time, in separate letters of determination, the Veteran's claims were denied for eligibility for trip number 8641901858001 (July 11, 2019 ambulance transportation) and number 8641902577901 (September 22, 2019 ambulance transportation).

In February 2020, VA received the Veteran's Board Appeal (VA Form 10182) for such denials along with statements referencing the July and September 2019 ambulance transportations. In this regard, in March 2020, the Board notified the Veteran that his Board Appeal had been placed on the Direct Review docket. As such, the Veteran's claims are properly before the Board under the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). 

To date, the Veteran has not designated another individual or Veterans Service Organization as his representative. Therefore, the Board recognizes the Veteran as proceeding pro se in this appeal. 

Entitlement to payment or reimbursement of beneficiary travel expenses for VA special mode transportation on July 11, 2019 and September 22, 2019.

The Veteran contends that he is entitled to VA special mode transportation benefits to travel between his home and his appointments at VA health care facilities. 

Under the AMA framework, the Board may remand, where there has been a duty to assist error prior to issuance of a decision. The duty to assist attaches to supplemental claim review. While the Board regrets the additional delay, due to the VA's failure to assist, the Veteran's claims of entitlement to payment or reimbursement of beneficiary travel expenses for VA special mode transportation on July 11, 2019 and September 22, 2019 must be remanded. The VA has the duty to make reasonable efforts to assist a claimant in securing evidence necessary to substantiate their claim for VA benefits. See 38 U.S.C. §§ 5103, 5103A; 38 C.F.R. § 3.159 (c).

As an initial matter, the Veteran is not receiving benefits for any service-connected disability, but he is in receipt of pension. Generally, VA beneficiary travel is a payment for travel expenses incurred in the United States to help Veterans and other persons obtain care or services from the Veterans Health Administration. 38 U.S.C. § 111; 38 C.F.R. § 70.10. A Veteran is eligible for beneficiary travel payments for travel to or from a VA facility or VA-authorized health care facility for the following: 1) treatment for a service-connected disability, regardless of the disability rating; 2) treatment for any disability, provided that the Veteran has a service-connected disability rated at 30 percent or more; 3) a scheduled compensation and pension examination; 4) if the Veteran receives pension under 38 U.S.C. § 1521; 5) if the Veteran's annual income does not exceed the maximum annual rate of pension that the Veteran would receive under 38 U.S.C. § 1521; or, 6) if, the Veteran is unable to defray the expenses of that travel under certain circumstances. 38 U.S.C. § 111; 38 C.F.R. § 70.10 (a).

The Veteran's claims were denied for eligibility. The record indicates that the Veteran had a reported income of $24,228 for 2021; however, there is no record of his income for 2019. Therefore, a remand is necessary so that the necessary financial documentation may be obtained for 2019.

Additionally, the Board notes that, in a June 2021 Memorandum, the VAMC indicated that the Veteran's medical reimbursement file was missing documentation and/or evidence. In this regard, the Board notes that some documents for the Veteran's July 11, 2019 ambulance transportation are of the record. However, the June 2021 memorandum indicates that the Veteran's claim history and clinical tracking are not of the record. Efforts to obtain these missing documents have been unsuccessful. However, it does not appear that the Veteran was notified that his record was missing nor was he asked to submit any documentation he may have that would be useful in the process of rebuilding his claims file. 

With regards to the September 22, 2019 date of transportation, the current state of the electronic record does not contain all of the relevant medical documents for the Veteran's claim or a formal finding indicating that these documents could not be obtained. As evidence of the Veteran's claim is relevant to the claim for reimbursement, remand to obtain and associate these documents with the claims file along with any other pertinent administrative documents is needed to cure this duty to assist error. 38 C.F.R. § 3.159.

The matters are REMANDED for the following actions:

1. Obtain and associate with the claims file any relevant records for the Veteran's original claim, to include a copy of the Veteran's claim for VA special mode of transportation benefits for July 11, 2019 and September 22, 2019, and all reports of his income and financial status for the calendar year 2019.

All attempts to secure these VA records, and any response received, must be documented in the claims file. If no VA treatment records or other records are available, a response to that effect is required and should be documented in the file. The Veteran must be notified and afforded an opportunity to respond.

2. After undertaking the development above and any additional development deemed necessary, the Veteran's claim should be readjudicated.

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Brennae L. Brooks, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.